UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| VIVIAN TROY COOK, | ) |
| | ) |
|     Petitioner, | ) |
|         v. | )    CIVIL ACTION |
| | )    NO. 19-12054-JGD |
| STEPHEN SPAULDING, Warden, | ) |
| | ) |
|     Respondent. | ) |

**MEMORANDUM OF DECISION AND ORDER ON RESPONDENT'S
MOTION TO DISMISS 28 U.S.C. § 2241 HABEAS CORPUS[1]**

January 15, 2020

DEIN, U.S.M.J.

## I.    Introduction

In December 2005, the *pro se* petitioner, Vivian Troy Cook, was convicted in the U.S. District Court for the Eastern District of Tennessee of conspiracy to distribute five kilograms or more of cocaine hydrochloride in violation of 21 U.S.C. §§ 846, 841(a)(1) & (b)(1)(A) and was sentenced to 211 months of imprisonment. (Docket No. 1 at 2; Docket No. 13-2 at 2). The petitioner argues he is being improperly detained beyond his release date because his good conduct time ("GCT")[2] was not properly calculated and an improperly placed detainer pushed his release date back. Alternatively, the petitioner argues he should have been released under the First Step Act because as an elderly prisoner he is entitled to a reduced sentence. The

---

[1] The parties have consented to have this matter finally decided by this Magistrate Judge in accordance with 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73(b). Although the petitioner originally filed his petition under 28 U.S.C. § 2255, the petition raises issues that must be brought under 28 U.S.C. § 2241. (Docket No. 3).

[2] The petitioner refers to GCT as "good time." For the purposes of this opinion, they are synonymous.

respondent moved to dismiss the habeas petition on the grounds that the petitioner's release date was properly calculated and the petitioner did not exhaust his administrative remedies prior to coming to court.

Currently before the court is the respondent's Motion to Dismiss Petition. (Docket No. 12). On December 9, 2019, the motion became ripe for consideration after the petitioner failed to file a response. See L.R. 7.1(b)(2). Because the petitioner failed to exhaust his administrative remedies and for the reasons detailed more fully herein, the "Respondent's Motion to Dismiss Petition" (Docket No. 12) is **ALLOWED**.

## II.     Standard of Review

Motions to dismiss under 12(b)(6) test the sufficiency of the pleadings.  Thus, when confronted with such a motion, the court accepts as true all well-pleaded facts and draws all reasonable inferences in favor of the non-moving party.  Cooperman v. Individual, Inc., 171 F.3d 43, 46 (1st Cir. 1999).  Dismissal is only appropriate if the complaint, so viewed, fails to allege "a plausible entitlement to relief."  Rodriguez-Ortiz v. Margo Caribe, Inc., 490 F.3d 92, 95 (1st Cir. 2007) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 559, 127 S. Ct. 1955, 1967, 167 L. Ed. 2d 929 (2007)). In evaluating whether the complaint states a plausible claim the court must determine whether the factual allegations are sufficient to support "'the reasonable inference that the defendant is liable for the misconduct alleged.'"  Garcia-Catalan v. United States, 734 F.3d 100, 103 (1st Cir. 2013) (quoting Haley v. City of Boston, 657 F.3d 39, 46 (1st Cir. 2011)) (additional citation omitted).  "'If the factual allegations in the complaint are too meager, vague, or conclusory to remove the possibility of relief from the realm of mere conjecture, the

complaint is open to dismissal.'" Morales-Cruz v. Uni. of Puerto Rico, 676 F.3d 220, 224 (1st Cir. 2012) (quoting SEC v. Tambone, 597 F.3d 436, 442 (1st Cir. 2010)).

Filings by *pro se* litigants are to be "liberally construed." Estelle v. Gamble, 429 U.S. 97, 106, 97 S. Ct. 285, 292, 50 L. Ed. 2d 251 (1976). However, *pro se* plaintiffs are still "required to plead basic facts sufficient to state a claim." Ferranti v. Moran, 618 F.2d 888, 890 (1st Cir. 1980) (citation omitted).

### III.     Factual and Procedural Background

Following his conviction in 2005, the petitioner began his 211-month sentence. (Docket No. 1 at 2). It's not entirely clear when, but the petitioner contends that his case manager at FMC Devens, "K. Gower," gave him a "computation of sentence document" which showed that when his good conduct time is factored into his sentence "he should have been released Aug. 12, 2019." (Id. at 1-2). The petitioner also states that because of his confinement to a wheelchair coupled with his advanced age he qualifies for a reduced sentence under the First Step Act. (Id. at 2-3).

In an addendum to the complaint, the petitioner states that on October 24, 2019, the petitioner learned that a "detainer had been placed on [petitioner] that was resolved in 2005." (Docket No. 10 at 1). As a result, petitioner's release date was "once again . . . [pushed] out another 90 days to February 2020." (Id.). The petitioner asked his case manager to call and verify that the disputed retainer was removed, but the case manager refused. (Id. at 2). The petitioner contends this is the seventh time his projected release date has changed. (Id.).

The respondent offers additional context by way of the petitioner's prison records relating to the calculation of his sentence. (See Docket No. 13). A court ruling on a 12(b)(6)

motion can consider "documents the authenticity of which are not disputed by the parties[.]" Watterson v. Page, 987 F.2d 1, 3 (1st Cir. 1993). The petitioner did not respond to the Motion to Dismiss and has not otherwise disputed the records or the information within. Since the records are not in dispute, and are integral to the issues raised in the petition, they may be considered in connection with the motion to dismiss. See also Alt. Energy, Inc. v. St. Paul Fire and Marine Ins. Co., 267 F.3d 30, 33-35 (1st Cir. 2001) (holding a document whose authenticity is not in dispute and is linked to the complaint may be considered by the court while ruling on a 12(b)(6) motion).

Specifically, the petitioner's "Administrative Remedy Generalized Retrieval History" shows the he has not filed an administrative challenge contesting his sentence computation release date. (Docket No. 13 at 3; Docket No. 13-3 at 2; Docket No. 13-4 at 22-23). The petitioner has, however, filed numerous other administrative challenges over the course of his incarceration. (Docket No. 13-4 at 22-23).

### IV.      Discussion

#### A. Administrative Exhaustion

The respondent argues that the petition must be dismissed because a prisoner challenging the computation of his release date must exhaust administrative remedies prior to filing in federal court. (Docket No. 13 at 6-8). Here, the petitioner failed to do so. (Id. at 7-8). The petitioner did not file an opposition to the Motion to Dismiss. (See Docket Nos. 1, 10). The petitioner claims in his complaint that his release date is not properly calculated because his GCT was not computed correctly and the improper detainer wrongly pushed his release date back. (Docket No. 1 at 2; Docket No. 10 at 1). "[T]he usual practice under the Federal Rules is to

regard [any type of] exhaustion [argument] as an affirmative defense." Jones v. Bock, 549 U.S. 199, 212, 127 S. Ct. 910, 919, 166 L. Ed. 2d 798 (2007); Day v. McDonough, 547 U.S. 198, 208, 126 S. Ct. 1675, 1683, 164 L. Ed. 2d 376 (2006) (noting that exhaustion of remedies is an affirmative defense in habeas cases).

The authority to calculate release dates rests with the Bureau of Prisons. See United States v. Wilson, 503 U.S. 329, 335, 112 S. Ct. 1351, 1355, 117 L. Ed. 2d 593 (1992); 28 C.F.R. § 0.96 (2020). Each year the Bureau awards credits toward a prisoner's sentence for satisfactory behavior that, if received, can alter the release date. 18 U.S.C. § 3624(b). The appropriate vehicle for a prisoner to challenge the calculation of their release date is a petition pursuant to 28 U.S.C. § 2241. McCarthy v. Lewisburg, 629 F. App'x 157, 159 (3d Cir. 2015); Carter v. Grondolsky, No. 12-11426-RWZ, 2014 WL 7404560, at *3 (D. Mass. Dec. 30, 2014) (a prisoner's challenge of the calculation of GCT is appropriately brought as a § 2241 petition "as the action could affect the duration of the petitioner's sentence"). See also Williams v. O'Brien, 792 F.2d 986, 987 (10th Cir. 1986).

However, "[a] petition [brought] under § 2241" is only available after the "exhaustion of all available federal administrative remedies." Carter, 2014 WL 7404560, at *3 (citing Sayyah v. Farquharson, 382 F.3d 20, 24 (1st Cir. 2004)); Fusco v. Spaulding, No. 18-cv-40035-DHH, 2018 WL 6045255, at *4 (D. Mass. Nov. 19, 2018) (the petitioner's § 2241 claim regarding the computation of his good-time credit could not be reviewed by the court because he "did not exhaust administrative remedies[.]"); Quintana-Navarette v. Garcia, 361 F. App'x 951, 953 (10th Cir. 2010) ("[T]he exhaustion requirement [in § 2241] is satisfied only through proper use of the available administrative remedies."); Keys v. U.S. Dep't of Justice, 136 F. App'x 313, 314 (11th

Cir. 2005) (dismissing a claim because the "[p]etitioner failed to exhaust his administrative remedies with the Bureau of Prisons, as required by the [Administrative Remedy Program], prior to filing his petition" challenging the application of his good-time credit); Aron v. LaManna, 4 F. App'x 232, 232-33 (6th Cir. 2001) (the petitioner's § 2241 claim that he was unfairly stripped of good-time credit was rejected because the petitioner "has not shown that he exhausted his administrative remedies before requesting habeas relief in the district court.").

To properly exhaust § 2241 claims challenging the computation of a release date, a petitioner generally must comply "with the Bureau of Prisons' ("BOP") Administrative Remedy Program which is set forth in 28 C.F.R. §§ 542.10-.19." Quintana-Navarette, 361 F. App'x at 953. Here, the petitioner has not filed a claim under the BOP's Administrative Remedy Program ("ARP") that is related to the computation of his GCT or the allegedly improper detainer.[3] (See Docket No. 13-4 at 22-23). Therefore, the court finds the petitioner's § 2241 claim must be dismissed for failure to exhaust administrative remedies.

### First Step Act, § 3582

In his complaint, the petitioner also argues that, "under the First Step Act of 2018, [the petitioner] qualifies for 5050.50 for new law elderly prisoners." (Docket No. 1 at 2). The petitioner contends the application of this law results in his immediate release. (Id. at 2-3). The petitioner is likely referring to Compassionate Release/Reduction in Sentence: Procedures for

---

[3] Petitioner's undocumented request to his case manager to verify that the detainer was improperly placed is not sufficient to initiate an administrative resolution. (See Docket No. 10 at 2). To initiate an administrative remedy, the ARP requires a physical filing of a "Request for Informal Resolution" form. See Quintana-Navarette, 361 F. App'x at 953.

Implementation of 18 U.S.C. §§ 3582 and 4205(g), BOP Policy Number 5050.50. Federal Bureau of Prisons, P5050.50, Compassionate Release/Reduction in Sentence: Procedures for Implementation of 18 U.S.C. §§ 3582 and 4205(g) (2019). This administrative document details qualifications that could result in a reduced sentence for certain elderly and ill prisoners. However, prior to coming to court to argue for a reduced sentence, a petitioner must "exhaust[] all administrative rights." 18 U.S.C. § 3582(c)(1)(A) (2012). Specifically, a prisoner must administratively "appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden[.]" Id. The petitioner failed to file any administrative remedies concerning his sentence calculation or compassionate release. (See Docket No. 13-4 at 22-23). Therefore, this court cannot at this time address the merits of the petitioner's claim.

## V. Conclusion

For the foregoing reasons, the "Respondent's Motion to Dismiss Petition" (Docket No. 12) is **ALLOWED**.

/ s / Judith Gail Dein
Judith Gail Dein
United States Magistrate Judge